JAMES W. CARR v. ALVAH E. LEAVITT.

*Statute of Frauds — Verbal contract.*

The statute of frauds in requiring contracts for the sale of lands or landed interests to be in writing, contemplates transactions between principals; it does not cover a bargain between a principal and his agent, whereby the latter is to be paid, for his services in obtaining lands, a certain proportion of the profits on their subsequent sale.

Error to the Superior Court of Detroit. (Chipman, J.)— June 29.—September 23.

ASSUMPSIT. Plaintiff brings error. Reversed.

*James W. Romeyn* and *Don M. Dickinson* for appellant. An agreement in the nature of a partnership to buy and sell

land is not within the statute of frauds : *Dale v. Hamilton*
5 Hare 369 ; *Smith v. Watson* 2 B. & C. 401 ; *Bruce v.
Hastings* 41 Vt. 380 ; *Miller v. Kendig* 55 Ia. 174 ; *Benjamin v. Zell* 100 Penn. St. 33 ; *Bunnel v. Taintor* 4 Conn.
568 ; *Trowbridge v. Wetherbee* 11 Allen 361 ; *Linscott v.
McIntire* 15 Me. 201 : *Gwaltney v. Wheeler* 26 Ind. 415 ;
*Hess v. Fox* 10 Wend. 439, distinguished from *Erben v.
Lorillard* 19 N. Y. 299 ; *Bartlett v. Pickersgill* 1 Eden
515 ; *Harrison v. Bailey* 14 S. C. 334 ; *Hocker v. Gentry*
3 Metc. 474 ; *Smith v. Burnham* 3 Sumn. 458

*Henry M. Duffield* for appellee.

COOLEY, C. J. Action of assumpsit. The plaintiff testified on his own behalf in substance as follows :

That defendant, in October, 1881, was desirous of purchasing from one Kearsley certain lots in the city of Detroit,
and of procuring the services of the plaintiff in bringing
about such purchase, and accordingly entered into the following contract with the plaintiff :

That the said plaintiff should employ his time and services in and about the purchase of the said property of said
Kearsley at a price fixed between plaintiff and defendant,
and in and about the management of the said Kearsley property, in case it should be purchased by the said defendant
from said Kearsley ; and that the said defendant did promise
and agree with the said plaintiff that he, the said defendant,
would furnish the means necessary to make the said purchase ;
and did promise and agree that in consideration of the said
time and services of said plaintiff as aforesaid, upon the sale
and disposition of said property, so to be purchased from the
said Kearsley, he, the said defendant, would pay to the said
plaintiff one-half the profits realized upon the said sale over
and above the price paid therefor ; and that the said plaintiff, in consideration of the said promises of said defendant,
did promise and agree to and with the said defendant that
he would contribute his time and services accordingly. And
plaintiff alleges that by reason of his, the said plaintiff's,
efforts, the said property was purchased at and for the price
of $37,000, the price as aforesaid agreed upon, and said property was conveyed by said Kearsley and wife to the said
defendant by a good and sufficient deed, dated the 31st day
of March, 1882, which deed was placed in evidence, and

that the same property was afterwards sold by the said defendant to Messrs. Hubbard, King & Hubbard, of said Detroit, at and for the price of $52,500, by a good and sufficient deed, which deed was placed in evidence. And that the said defendant, on demand, had refused to account or pay to the said plaintiff one-half of the profits realized on the sale, or any part thereof.

This being the plaintiff's case, and it being admitted that the alleged contract was not in writing, the defendant took the objection that the contract was void under the Statute of Frauds. The trial judge held the objection to be well taken, and directed a verdict for defendant.

If the contract the plaintiff relied upon was within the statute, it must have been because it contemplated a purchase and then a sale of certain lands. But the plaintiff was to be neither purchaser nor seller, and the contract did not contemplate that in any contingency an interest in the land was to be conveyed to or vested in him. It contemplated only that in a certain event the plaintiff should receive a share of the moneys that a sale of the land should bring. His interest was therefore in these moneys, and not in the land itself. And the moneys were to be payable to him in consideration of services performed. The profits on the two trades, to be brought about by the plaintiff, were to be taken as the measure of compensation, instead of any other that might have been agreed upon.

This surely was not a contract "for the sale of any lands, or any interest in lands," within the meaning of the Statute of Frauds. How. Stat. § 6181. That statute contemplates a transaction between parties contracting with each other as principals; and this was not such a transaction. In this case the plaintiff as agent undertook to perform for the defendant certain services, and the defendant undertook to make a compensation therefor, the amount of which should be contingent on the value of the services. It was assumed in *Bunnel v. Taintor's Adm'r* 4 Conn. 568, that such a contract was not within the statute, and there are many express adjudications to the same effect. *Trowbridge v. Wetherbee* 11 Allen 361; *Fiero v. Fiero* 52 Barb. 288; *Hess v. Fox* 10

Wend. 436; *Bruce v. Hastings* 41 Vt. 380; *Bannon v. Bean* 9 Iowa 395; *Harben v. Congdon* 1 Cold. 221; *King v. Hanna* 9 B. Mon. 369: *Heyn v. Philips* 37 Cal. 529; *Lesley v. Rosson* 39 Miss. 368; *Benjamin v. Zell* 100 Penn. St. 33. Our attention has been directed to no cases which are opposed to these.

The defendant relies upon a number of decisions by this Court, which are supposed to have some bearing upon the case, but we fail to perceive their relevancy. Every one of them was a case in which an interest in lands was bargained for, and was to be acquired by one of the parties in pursuance of the terms of the contract. *Hillebrands v. Nibbelink* 40 Mich. 646, may be taken as an illustration. The alleged verbal contract was that a father would convey to his son a farm in satisfaction of a certain claim,—a contract as plainly within the statute as if the land were to be conveyed for an agreed price in money.

The judgment must be set aside and a new trial ordered.

The other Justices concurred.