## LASLEY *v.* DELANO.

1. STATUTE OF FRAUDS — PROMISE TO ANSWER FOR DEBT OF ANOTHER—EXECUTED AGREEMENT.
   A parol contract by which a part owner of land was authorized by other part owners to sell the same, and apply a part of the proceeds to the payment of a debt owed by himself and another party to the contract, is not, after it has been performed, and the money applied in accordance with its terms, within section 9515, subd. 2, 3 Comp. Laws, requiring a special promise to answer for the debt of another to be in writing.

2. USES AND TRUSTS—EXECUTED AGREEMENT.
   Nor is such contract, after performance, within the statute of uses and trusts. Sections 8829, 8833, 9509, 3 Comp. Laws.

3. BILL FOR ACCOUNTING—NECESSARY PARTIES.
   Complainant's husband and defendant purchased certain lands, the deed to her husband's interest in which was subsequently made to complainant in order to assist her husband in financial troubles. Complainant's husband and defendant were jointly indebted on a note to defendant's wife, and, in order to liquidate the same, deeds were executed by complainant and

her husband, with the name of the grantee in blank, and delivered to defendant, to enable him to sell the lands. It was agreed that defendant should pay the note to his wife out of the proceeds. On a bill by complainant against defendant and his wife for an accounting, defendant claimed the benefit of. the payments to his wife, *held,* that complainant's husband was not a necessary party to the suit.

Appeal from Muskegon; Russell, J. Submitted February 9, 1905. (Docket No. 116.) Decided April 4, 1905.

Bill by Isabel A. Lasley against Horace L. Delano and Cora A. Delano for an accounting. From a decree for complainant, defendants appeal. Reversed, and bill dismissed.

Complainant, in her bill, alleges that in September, 1902, she and the defendant Cora A. Delano were the owners of the lands described in the bill, situated in the State of Louisiana; that prior to that time she had authorized and empowered defendant Horace L. Delano, the husband of said Cora, to find a purchaser for said lands; that he did find a purchaser; that he sold them for $9,715—part in cash and part in notes; that her share of the cash was paid to her husband, and by him paid to her; that Mr. Delano took a mortgage for $4,346.90, accompanied by eight promissory notes, for the balance of the purchase price; that the mortgage and notes were made payable to Mr. Delano, trustee; that she never authorized him to take said mortgage and notes in his name as trustee, but that, if any securities were taken, they were to be taken in her name, in so far as her interest was concerned; that money has been received upon two of said notes, and accounted for to her husband; that said Mr. Delano had never accounted to her for the balance of said money; and she prays for an accounting, and payment to her of the money found to be due her.

The joint answer of defendants admits the legal ownership of, an undivided one-half of said lands to have been

in complainant, and that defendant Horace L. Delano was authorized to sell them, and did sell them, and avers that he has properly accounted for the proceeds—both the cash payment and the notes. That the lands were originally purchased by Mr. Lasley, complainant's husband, and the defendant Horace L. Delano, the title being taken in Mr. Delano's name. Subsequently he conveyed to Mr. Lasley an undivided half interest. That the deed was not recorded for several years. That in 1898 Mr. Lasley conveyed to complainant, at her request, and at the suggestion of the defendants, Mr. Lasley's undivided one-half interest. That the conveyance was without consideration, and was made for the purpose of protecting and preserving said lands in the interest of Mr. Lasley, and to provide the means of payment to defendant Cora of an indebtedness owing to her by Mr. Lasley and Mr. Delano, and evidenced by a promissory note. That Mr. Lasley has in fact been the owner of the undivided one-half of said lands, and has transacted all the business relating thereto, and that she has held the legal naked title in trust for him and the defendant Cora.

The answer avers: That the mortgage and notes were given to Mr. Delano, as trustee, with the full knowledge and assent of the complainant and her husband. That on October 14, 1893, Mr. Lasley and Mr. Delano were jointly indebted to Cora A. Delano in the sum of $3,256.21, for which they executed to her a promissory note. That at the time of the conveyance by Mr. Lasley to his wife, in 1898, the note was still unpaid, and Mr. Lasley was financially embarrassed, without any means to pay his share of the note, and that, in order to secure to Mrs. Delano the payment of his share of said indebtedness, it was agreed that he (Mr. Lasley) should convey his interest in the lands to said complainant, that a sale of said lands should be made as speedily as possible by Mr. Delano, and that from the proceeds a sufficient sum should be retained by Mr. Delano to pay one-half of the amount of said note. That, upon receipt of the cash payment

from such sale, Mr. Lasley persuaded Mr. Delano to pay over to him one-half thereof, and to retain the notes—the proceeds thereof, when collected, to be used in payment of their joint note—and out of the receipts of said notes the one-half of the indebtedness to Mrs. Delano has been paid. Proofs were taken in open court, and decree entered for the complainant.

_M. Brown_ and _William Carpenter_, for complainant.

_Nims, Hoyt, Erwin, Sessions & Vanderwerp_, for defendants.

GRANT, J. (_after stating the facts_). 1. The testimony on the question of fact, namely, Was there an agreement that, out of the moneys received from the sale of the lands, Mr. Delano's obligation on this note should be paid? is in sharp conflict.

The circuit judge, in disposing of the case, said:

"I have made an examination of the evidence, and I will state that it is impossible for the court to determine what the facts are as to what the truth is with reference to the arrangement they claim to have made. The evidence is very conflicting and very unsatisfactory, but I am inclined to the opinion that the theory of the defendants may be correct. * * * I have examined the evidence two or three times with a view to determining, but I am unable to satisfy myself, as to what the facts are. I have examined the authorities. * * * I think the law is against him [the defendant Mr. Delano]. It may be conceded, for the disposition of the case, that the facts are with him, and I am inclined to think that they may be."

We are convinced that the following facts are established by the testimony: Mr. Lasley and Mr. Delano purchased these lands. Mrs. Lasley paid nothing. The deed was made to her to assist her husband in his financial troubles, and was without any consideration. He was obligated on the note with Mr. Delano for one-half the amount thereof. Deeds were executed by Mrs. Lasley and Mr. Lasley, with the name of the grantee in blank,

and delivered to Mr. Delano, to enable him to sell the lands. It was then agreed that, out of the proceeds received therefrom, the note of Mrs. Delano should be paid by Mr. Delano. Mr. Lasley acted for himself and for his wife. The funds received were treated as his own, and were used by him as his own. Both complainant and her husband knew that Mr. Delano sold the lands, received half in cash, and took a mortgage and notes to himself as trustee for the balance. Mr. Lasley's obligation upon the note to Mrs. Delano is fully canceled. Mr. Delano carried out his instruction and executed his trust.

The legal questions raised are:

(1) Is the parol agreement void under the statute of frauds (3 Comp. Laws, § 9515, subd. 2)?

(2) Is the agreement void as against the statute of uses and trusts, under 3 Comp. Laws, §§ 8829, 8833, 9509?

(3) Was Mr. Lasley a necessary party to the suit?

If these questions are answered in the negative, the decree must be reversed.

2. Neither the statute of frauds, nor that of uses and trusts, applies to this case. The parol contract between complainant and Mr. Delano has been performed, and the parol trust imposed upon him fully executed. No contract for the sale of lands is involved. The relation of vendor and vendee did not exist between them. Complainant concedes his right to sell and receive the money, and that he did sell and receive the money. The relation, then, between them, was not other or different than it would have been if she had sold the lands herself, and intrusted the money to him, to be disposed of as directed and agreed by her. *Petrie* v. *Torrent*, 88 Mich. 43; *Carr* v. *Leavitt*, 54 Mich. 540; *Edinger* v. *Heiser*, 62 Mich. 598. If, however, the trust rested in parol, and while so resting could not be enforced as an executory contract, yet, when the parol agreement has been executed, neither party can invoke the statute. The courts have repeatedly held that a party may perform a promise which he could not legally be compelled to perform, and

that, when so performed, it is binding upon him and the other party to it. *Moore* v. *Crawford,* 130 U. S. 122; *Desmond* v. *Myers,* 113 Mich. 437; *Collar* v. *Collar,* 86 Mich. 507 (13 L. R. A. 621); *Bork* v. *Martin,* 132 N. Y. 280; *Gwaltney* v. *Wheeler,* 26 Ind. 415.

3. Mr. Lasley was not a necessary party to the suit. The issue presented by the pleadings upon this branch of the case is whether Mr. Delano disposed of this money as it was agreed he should do. The condition of accounts between Mr. Delano and Mr. Lasley is not in issue here, except in so far as it might throw light upon the question whether Mr. Delano had disposed of this fund as agreed. All three agreed that out of this fund, received from the sale of the lands, Mr. Delano should pay Mr. Lasley's share of this note. He has done this. If Mr. Delano owes Mr. Lasley on accounts which have run between them, that is a question in which complainant has no concern. She very properly did not make her husband a defendant in the suit; neither did defendants make any objection that he was not a party.

Decree reversed and bill dismissed, with the costs of both courts.

Moore, C. J., and Carpenter, McAlvay, and Hooker, JJ., concurred.