MULLHOLLAND *v.* PATCH.

1. FRAUDS, STATUTE OF—PARTNERSHIP IN REAL ESTATE OPTIONS—ORAL CONTRACTS—VALIDITY.

An oral copartnership agreement to secure options on real estate and afterwards sell them is not void under the statute of frauds (3 Comp. Laws 1915, §§ 11977, 11983).

2. PARTNERSHIP—ACCOUNTING—EVIDENCE — SUFFICIENCY — APPEAL AND ERROR.

In proceedings for a partnership accounting, based upon an oral agreement to secure and sell options on real estate, where the evidence was insufficient to establish the agreement, the decree of the court below dismissing the bill will be affirmed, on appeal, although erroneously based upon the ground that such agreement was in violation of the statute of frauds.

Appeal from Oakland; Smith, J. Submitted January 31, 1919. (Docket No. 100.) Decided April 3, 1919.

Bill by Homer G. Mullholland and another against Vernon Patch for a partnership accounting. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Charles S. Matthews,* for plaintiffs.

*Perry & Lynch,* for defendant.

BIRD, C. J. This bill was filed to obtain a copartnership accounting. Plaintiffs charge that they had an oral partnership agreement with defendant "to go out and get options on farms and sell them." Defendant denies that any copartnership agreement existed between them. The conflicting claims of the parties were heard by the chancellor and he reached the conclusion that if there were a copartnership agreement it was an oral copartnership agreement to deal in real

See notes in 16 L. R. A. 745; 4 L. R. A. (N. S.) 427; 33 L. R. A. (N. S.) 883; L. R. A. 1915A, 521.

estate and therefore void under the holding of this court in *Nester* v. *Sullivan*, 147 Mich. 493 (9 L. R. A. [N. S.] 1106). The oral copartnership agreement involved in that case was held to be void under the statute of frauds, because the agreement not only contemplated but actually involved the holding of title to real estate. In this respect it differs from the present controversy. The agreement in the present case involved nothing more than the taking of options on real estate and afterwards selling the options, and, as a matter of fact, that was all that was done under the agreement in the one transaction out of which this controversy arose. If that were all that was contemplated by the claimed agreement it was not void under sections 11977 and 11981, 3 Comp. Laws 1915. *Carr* v. *Leavitt*, 54 Mich. 540; *Brittson* v. *Smith*, 165 Mich. 222; *McGavock* v. *Ducharme*, 192 Mich. 98.

In the first case cited, in considering a similar agreement, it is said:

"This surely was not a contract 'for the sale of any lands or any interest in lands' within the meaning of the statute of frauds. (2 How Stat. [1st Ed.] § 6181.) That statute contemplates a transaction between parties contracting with each other as principals, and this was not such a transaction."

While we do not think the case should have been disposed of on the ground stated, we are impressed that the decree should be affirmed on the ground that the testimony does not make out a copartnership agreement. The substance of the talks out of which it is claimed the agreement arose, is that:

"We were to go out and get options on farms and sell them * * * We were to get options, work together to sell the farms and divide the profits equally."

It is not claimed that the copartnership was given a name, or that it had any funds with which to pur-

chase the options, or that there was any arrangement between the parties that any one of them should advance funds for that purpose. There appeared to be no agreement with reference to the losses, if any were incurred. Nothing appears as to the term for which it should continue. It had no place of business and no books were kept, and the only option taken was not taken in the name of a partnership but was taken in the name of defendant and paid for by him. Very few of the *indicia* usually surrounding the relation of copartners were present. We think the testimony relied upon to establish the agreement was too meager and indefinite to accomplish its purpose. The most that can be said of the agreement is that plaintiff Stoney and defendant Patch were interested together in another enterprise and they agreed that if they could secure some options and dispose of them they would divide the profits, and afterward it is claimed that plaintiff Mullholland was taken into the deal.

The bill must be dismissed but without prejudice to the plaintiffs to take such steps as are consistent with the law and practice upon the law side of the court. The decree will be affirmed, with costs of both courts to the defendant.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.