BRESEE *v.* ROBINSON.

1. FRAUDS, STATUTE OF—CONTRACTS—ORAL CONTRACT — CONSTRUC-
TION.

> In a suit to determine the respective interests of a real
> estate broker and his agent in certain land, the contract
> on which had been assigned by the vendee to the broker
> as security for payment of the commission and certain
> notes, evidence *held*, to show that, by the agreement be-
> tween them, the agent was interested only in the avails
> and profits upon a sale.[1]

2. SAME—ORAL CONTRACT—PART PERFORMANCE—ASSIGNMENTS.

> An oral agreement that an assignment of a land contract
> as security merely should become absolute is not void,
> under the statute of frauds, where the assignee, in re-
> liance thereon, made part performance.[2]

3. SAME—ORAL CONTRACT FOR AN INTEREST IN AVAILS OF A SALE
OF LAND NOT VOID.

> An oral agreement between a broker and his agent that
> the latter should have an interest in the avails of certain
> land when sold by the broker, but which did not con-
> template that the agent should have any interest in the
> land itself, does not offend against the statute of frauds.[2]

4. JOINT ADVENTURES — FRAUD — ASSIGNMENTS — ACCOUNTING —
EQUITY.

> In a suit for an accounting between a broker and his
> agent, where the latter, with knowledge that the former
> held an assignment of a land contract as security for the
> payment of their commission and money advanced by
> them, for which purpose they were joint adventurers, fraud-
> ulently secured an assignment thereof to himself by means
> of which he obtained a deed at a discount of $500 from
> the contract price, and took possession of the premises,
> equity will require that he account for the rents collected,
> that the discount inure to the benefit of both himself
> and the broker, that the latter is entitled to possession

[1]Frauds, Statute of, 27 C. J. § 208; [2]Id., 27 C. J. § 427; [3]Id.,
27 C. J. § 208.

under his contract, and that they hold the premises as tenants in common; for which purpose the cause is remanded.[4]

Appeal from Calhoun; North (Walter H.), J. Submitted October 5, 1926. (Docket No. 1.) Decided December 8, 1926.

Bill by Clifford L. Bresee against Thomas F. Robinson and another for an accounting, and to determine the interests of the parties in certain land. From a decree for plaintiff, both parties appeal. Modified and affirmed.

*N. A. Cobb,* for plaintiff.

*George A. Winkler,* for defendants.

CLARK, J. The bill was filed for an accounting and to determine the respective interests of the parties in certain land. Plaintiff had decree. Both sides have appealed. Plaintiff Bresee was a dealer in real estate and defendant Thomas F. Robinson was his agent. The other defendant is the wife of Robinson. The land, listed, belonged to a Mrs. Southworth. Bresee and Robinson found one Ziegler and his wife as purchasers who executed with Mrs. Southworth a land contract on May 19, 1923. They agreed to pay Mrs. Southworth $1,500, $500 down, remainder in deferred monthly installments, with interest, and they assumed and agreed to pay a mortgage on the property in the sum of $2,500. The contract gave the purchasers the right of possession, and they entered into possession. Of the $500. Mrs. Southworth was to have $300 and Bresee and Robinson $200, 40 per cent. to Bresee, 60 per cent. to Robinson. Ziegler failed to raise $500 and had but $140. He paid that to Bresee and gave his notes to him for $160 and $200. The $160 note

---

[4]Joint Adventures, 33 C. J. §§ 36, 48, 50, 54.

was indorsed and transferred by Bresee to a bank, and thus $300 was provided and paid to Mrs. Southworth. The note of $200 was retained by Bresee, the proceeds when paid to be divided between him and Robinson. To secure the notes Ziegler assigned the land contract to Bresee. Soon thereafter Ziegler told Bresee that he could not perform the contract on his part, and it was agreed, orally, between them that the assignment, expressly for security, be treated as absolute, that Ziegler would surrender possession of the property to Bresee, that Bresee would carry the contract until it could be sold when he would repay to Ziegler the $140. Ziegler surrendered possession to Bresee, who leased, collected rents, and made payments on the contract.

It was agreed, orally, by and between Bresee and Robinson, that Bresee should hold the contract as a vendee, that they would provide equally funds to pay the note of $160, that Bresee would collect rents and apply the proceeds on the contract, that the contract be carried on their joint responsibility, that Bresee would sell, when a purchaser could be found, and account to Robinson for his share of the commission, for his advances and for one-half of any profit. There is language in a receipt given Robinson by Bresee for an advance to meet a payment due the bank indicating that the oral agreement contemplated that Robinson was to have an interest in the land. But the great weight of the evidence is that, under such agreement, Robinson was to have no interest in the land, but was interested only in the avails and profits upon a sale, and it is so held. Mrs. Southworth later caused a notice of forfeiture to be given to Bresee, but this, as was correctly held by the trial judge, was waived by subsequent dealings between them. Then Robinson perpetrated a fraud on Bresee. At his instance Ziegler and wife made an assignment of the land contract, absolute in form, to Mrs. Southworth, and she

conveyed by warranty deed, subject to the mortgage, to Robinson and wife, Robinson paying her $500 less than the price which had been named in the contract, and, the premises being then vacant, Robinson, by a tenant, took possession and has since had the rents. All persons interested had, and are chargeable with, notice of Bresee's interest. Robinson refused to recognize any interest in Bresee, and this suit followed. An account between the parties was decreed, and that upon compliance with the decree in regard thereto Bresee and Robinson will hold the land and premises as tenants in common.

The statute of frauds (3 Comp. Laws 1915, § 11975). It is urged that the oral agreement between Ziegler and Bresee that the assignment for security be an absolute assignment violated the statute. That, under the facts stated, there was a surrender of the contract "by act or operation of law" excepted by the statute (*Underwood* v. *Slaght,* 213 Mich. 391) need not be considered. In any event, Bresee, because of the acts in performance of his oral agreement with Ziegler, became, in equity, and under the facts, the assignee absolutely and entitled to performance of the oral agreement. *Preston* v. *Preston,* 205 Mich. 646; *Dickinson* v. *Wright,* 56 Mich. 42; *Hallett* v. *Gordon,* 122 Mich. 567. Robinson has succeeded to whatever legal (as distinguished from equitable) rights remained in the Zieglers in the land contract and to Mrs. Southworth's interest. So it is determined herein that Bresee holds under the contract as vendee and entitled to possession.

The oral arrangement between Bresee and Robinson was not that Robinson should have any interest in the land, but that he was to have only an interest in the avails of a sale—his advances, charges and one-half the profits—that Bresee should account to him. This does not offend the statute cited. The matter has been con-

sidered so many times that we refrain from quoting from the decisions.     See *Carr* v. *Leavitt,* 54 Mich. 540; *Davis* v. *Gerber,* 69 Mich. 246; *Petrie* v. *Torrent,* 88 Mich. 43.

See, also, *Tuttle* v. *Bristol,* 142 Mich. 148, where the matter is discussed fully.

The account should be modified.     We think the advantage of $500 which Robinson obtained by the deed of Mrs. Southworth over the contract held by Bresee inures to the benefit of both joint adventurers; to be applied, if required, to reduce the balance due on the contract.     There should be a further account of Robinson's use and occupation of the premises since the account made by Judge North.     The account in other respects is approved.     The cause is remanded. Plaintiff will have costs of both courts.     When the account shall have been taken and made and the parties shall have complied with the order and decree of the court in regard thereto, then Robinson and Bresee will have and hold the premises, subject to the mortgage, as tenants in common.

No other matter merits discussion.

So modified, the decree is affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.