### STEWART *v*. YOUNG.

FRAUDS, STATUTE OF—ORAL CONTRACT FOR DIVISION OF PROFITS IN SALE OF REAL ESTATE NOT VOID.

An oral contract to develop real estate, sell it, and divide the profits is not void under the statute of frauds (3 Comp. Laws 1915, § 11975), since it is not a contract for an interest in real estate, but one for an interest in proceeds of sale of real estate, and suit for accounting in accordance therewith, after sale, may be maintained.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted April 12, 1929. (Docket No. 70, Calendar No. 34,018.)   Decided July 8, 1929. Rehearing denied September 4, 1929.

Bill by Fern C. Stewart against DuBois Young for an accounting for profits received from the sale of real estate. From a decree for defendant, plaintiff appeals. Reversed.

On effect of parol agreement to take title to real property, sell the same and account for proceeds, as affected by the statute of frauds, see annotation in 20 L. R. A. (N. S.) 298; 42 L. R. A. (N. S.) 1160.

*Savery, McKenzie & Hamilton,* for appellant.

*Abbott, Schoeffel & Coulter,* for appellee.

Potter, J. Plaintiff filed a bill of complaint against defendant for an accounting. There was decree for defendant and plaintiff appeals.

Plaintiff and her husband, Henry H. Stewart, and defendant and his wife, Evelyn, had, prior to 1915, lived in Indianapolis, Indiana, and were friends. Defendant moved to Jackson and was connected with the American Gear Company. 'Stewart and his wife moved to Detroit, where Stewart was a builder. The parties visited back and forth. The American Gear Company was acquired by the Hupp Motor Car Company, whose employ defendant entered, moving, with his family, to Detroit. Stewart and George Veness were partners in the building business. Stewart had an equity in real estate both on Prentis avenue and on Webb avenue. Veness had an equity in real estate on Selden avenue.

Defendant had considerable money, and intimated to Stewart he would like to be associated with Stewart and Veness. This was agreeable to them, and the Apartment Construction Company was incorporated, and 210 shares of common stock issued and held as follows: DuBois Young, 1 share; Evelyn Young, 69 shares; Henry H. Stewart, 1 share; Fern C. Stewart, 69 shares; George G. Veness, 1 share; Jennie L. Veness, 69 shares. The assets of the corporation were listed at $15,000. Defendant furnished $5,000. A deed to the Prentis avenue real estate was secured subject to a mortgage of $1,700. The balance of $15,000 above Stewart's equity and the $5,000 was represented by the estimated increase in value of the real estate. Stewart

estimated the cost of the apartment building to be erected thereon at $80,000. A mortgage of $55,000 thereon was secured from the Strauss Investment Company. Defendant was elected president. Stewart was made superintendent and foreman of construction, and Veness was bookkeeper and fiscal agent. Defendant was to furnish the balance of the money above the $55,000 from the Strauss Investment Company, and be secured by a second mortgage on the land and building when it was completed.

Stewart and wife and Veness and wife organized the V. & S. Construction Company, a corporation, which issued 200 shares of common stock, of which Henry H. Stewart held 1 share, Fern C. Stewart 99 shares, Geo. G. Veness 1 share, and Jennie L. Veness 99 shares; and it undertook the construction of a four-family flat on the Webb avenue property of Stewart.

In the summer of 1916 defendant and his family made an automobile trip through the west, returning to Detroit in September. Defendant soon heard the Apartment Construction Company was not paying its bills promptly, and after making some investigation expressed himself as satisfied with what Stewart had done, but he blamed Veness as inefficient and dishonest. A corporate meeting was called. Veness admitted misappropriating the funds of the Apartment Construction Company. An audit of its books was ordered by defendant to be made by the Security Trust Company, and the audit corroborated defendant's estimate of Veness.

Veness and wife and Stewart and wife assigned to defendant all of their stock in the V. & S. Construction Company and the Apartment Construction Company. Stewart and wife deeded to defend-

ant all their interest in the Prentis avenue real estate and the Webb avenue real estate. Veness deeded to defendant his interest in the Selden avenue real estate. Defendant also received a mortgage for $14,000 on the property of the V. & S. Construction Company, and from Veness he received 1,000 shares of stock in a cement company, and Veness and wife were eliminated from further interest in the business of either company or the property above mentioned.

Defendant and wife and Stewart and wife continued on friendly terms, visiting back and forth. Stewart remained superintendent of building operations on both jobs at $150 a month. The building of the V. & S. Construction Company on the Webb avenue property was completed in the fall of 1916, and the building of the Apartment Construction Company on Prentis avenue was completed in January, 1917.

It is plaintiff's claim that defendant agreed with plaintiff that if Stewart would continue as superintendent of the construction and completion of these buildings, defendant would furnish the money for their completion, the property would be sold by defendant, and the profits derived from the transactions divided equally between defendant and plaintiff. Real estate values in Detroit mounted with inflated wartime prices and building costs more than kept pace. Defendant, to complete these buildings, had to invest more money than the original estimates. In 1920 the Prentis avenue property was sold for $150,000. Since that time the Webb avenue property has been sold. It is estimated that defendant's profits were between $30,000 and $40,000 on these transactions. When plaintiff and her husband learned of the sale of the Prentis avenue prop-

erty, she requested defendant to account to them. He refused to do so, and the bill of complaint herein was filed May 23, 1921, and an injunction issued restraining defendant from disposing of any of the proceeds of said sale. The injunction was disregarded. An order of discovery was made May 23, 1921, requiring defendant to furnish a statement of the cost of constructing the Prentis avenue building. No such statement was furnished. June 23, 1927, a notice to produce the original of all correspondence had between the parties was filed. This notice was not complied with. The trial court found that plaintiff, by a preponderance of the evidence, proved the promise of defendant to complete the buildings, sell the property, and divide the profits equally with her, but held she was not entitled to relief because the contract was one concerning real estate not in writing and void under 3 Comp. Laws 1915, § 11975.

Plaintiff's claim is not for an interest in real estate, but for an interest in the proceeds of the sale of real estate. The real estate was deeded to defendant and wife, and they had a right to sell it and convey title and defendant had a right to receive the pay therefor. It is plaintiff's claim that when the real estate was so sold, and defendant had received the pay therefor, he was to account and pay over to her one-half the profits of the venture. No matter who held title to the real estate, it is not here involved, such title has been sold, defendant's rights recognized, and the proceeds of the sale paid to him. Such proceeds are not real estate but personal property. The contract has been partially performed. It is not within the statute of frauds. When real estate in which several persons are interested is conveyed to one or more of them upon a parol agree-

ment that it is to be sold by the grantees and the proceeds divided between the parties in accordance with their respective interests therein, such contract after the sale of the property is valid and enforceable, is not within the statute of frauds, and, if the grantees after sale and receipt of the purchase price refuse to account to any and all persons in interest, they may maintain a bill for an accounting. *Carr* v. *Leavitt,* 54 Mich. 540; *Edinger* v. *Heiser,* 62 Mich. 598, 612; *Davis* v. *Gerber,* 69 Mich. 246; *Collar* v. *Collar,* 86 Mich. 507 (13 L. R. A. 621) ; *Petrie* v. *Torrent,* 88 Mich. 43; *Lasley* v. *Delano,* 139 Mich. 602; *Tuttle* v. *Bristol,* 142 Mich. 148; *Mullholland* v. *Patch,* 205 Mich. 490 (18 A. L. R. 468); *Bresee* v. *Robinson,* 236 Mich. 633. This is in accordance with the weight of authority. Browne, Statute of Frauds (5th Ed.), § 268, and cases cited; 29 Am. & Eng. Enc. Law (2d Ed.), 897; 27 C. J. p. 221.

"As a general rule a contract relating to the disposition of the proceeds of land, in case of its sale, is not one for an interest in the land and may be enforced, though not in writing, after the land has been sold." 25 R. C. L. p. 540.

The other questions discussed are all governed by the rule above. It follows that the decree should be reversed, with costs, and a decree entered remanding the case for an accounting in accordance herewith.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.