KOFFMAN *v.* MATHEWS.

1. EQUITY—MOTION TO DISMISS—PLEADING.

    All well-pleaded matters in a bill of complaint and in the amended bill are to be taken as true for the purpose of deciding a motion to dismiss.

2. FRAUDS, STATUTE OF—CONTRACTS FOR SHARE OF PROFITS FROM PURCHASE AND SALE OF REALTY.

    Generally, agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing (CL 1948, § 566.108).

3. SAME—ORAL AGREEMENT AS TO PROFITS FROM DEVELOPMENT OF REALTY—PLEADING.

    Bill of complaint which alleged plaintiff and an individual defendant had agreed to enter into a partnership for the acquisition and development of certain real estate and to split the profits therefrom was improperly dismissed on motion before hearing because agreement was oral, since such an agreement did not need to be in writing (CL 1948, § 566.108).

4. SAME—ORAL AGREEMENT TO SHARE PROFITS IN DEVELOPMENT OF REALTY.

    Oral agreements to share in the profits in the development of real estate are valid (CL 1948, § 566.108).

5. ACCOUNTING—ORAL AGREEMENT AS TO PROCEEDS IN REALTY DEVELOPMENT.

    A bill for an accounting may be maintained under an oral agreement for an interest in the proceeds of real estate development (CL 1948, § 566.108).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 332.
[2–4] 49 Am Jur, Statute of Frauds §§ 165, 166.
[5] 1 Am Jur, Accounts and Accounting § 52.
[6] 41 Am Jur, Pleading § 77 *et seq.*

6. EQUITY—PARTIES.

    A bill in equity need not state a cause of action against each defendant in order to hold each one in court until the invoked purposes of equity are fulfilled.

7. SAME—JURISDICTION—PARTIES—ORAL AGREEMENT AS TO PROFITS FROM DEVELOPMENT OF REAL ESTATE—DISMISSAL BEFORE HEARING.

    Equity, having jurisdiction of parties in possession of assets which plaintiff claims resulted from oral agreement with another individual defendant to split profits from development of real estate, trial court improperly dismissed such parties before hearing, as the retention of such defendants would enable equity to dispose of the entire matter by final decree should the proofs warrant doing so (CL 1948, § 566.108).

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

Appeal from Bay; Louis (David R.), J. Submitted January 14, 1958. (Docket No. 48, Calendar No. 47,383.) Decided April 15, 1958.

Bill by Herman Koffman against Ernest Mathews, Archie J. Damman and Damath Realty Corporation, a Michigan corporation, to enforce oral agreement for partnership, for accounting, and to secure interest in real-estate development. On motion, bill dismissed as to defendants Damman and Damath Realty Corporation. Plaintiff appeals. Reversed.

*Smith & Brooker (Carl H. Smith, Sr., of counsel),* for plaintiff.

*Dykema, Jones, Wheat, Spencer & Goodnow,* for defendants Damman and Damath Realty Corporation.

KELLY, J. (*dissenting*). Plaintiff and appellant sought equitable relief in the circuit court of Bay county, claiming that defendants failed to include him as a partner in the "acquisition and development" of certain lands in or near the city of Midland,

Michigan. Plaintiff's bill of complaint asks for an accounting and that defendants be required to carry out the terms and conditions of an oral agreement, and, also, that the legal status of the property be determined.

Defendants Damman and Damath Realty Corporation made a motion to dismiss said cause, claiming that the bill of complaint disclosed that the agreement plaintiff was endeavoring to enforce was unenforceable under the statute of frauds.* The trial court granted defendants' motion, and plaintiff takes this appeal.

Plaintiff alleged in his pleadings that he was acquainted with defendant Mathews, who was engaged in real-estate development projects in and around Bay City, Michigan; that while said defendant was a guest at his home he made known to defendant that he (plaintiff) was about to acquire certain lands in and around the city of Midland, and that defendant stated he was very much interested in such a project and suggested the formation of a partnership. Plaintiff alleged that he refused to disclose to defendant the location of the property without assurance that development of the property would be a joint endeavor.

Plaintiff then alleged in his bill of complaint that:

"The defendant Mathews then and there agreed with your plaintiff to enter into a partnership with plaintiff and another person then present for the acquisition and development of the parcel of land known to the plaintiff on condition that the plaintiff would disclose the location of said lands to the defendant Mathews; that the plaintiff did then and there agree with the defendant Mathews to enter into the partnership aforesaid and that, after said agreement had been agreed upon by said plaintiff with Mathews, the plaintiff disclosed that the parcel

_____

* See CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).—REPORTER.

of land in question was the following described
* * * ."

Plaintiff again refers to the agreement in paragraph 10 of his bill of complaint, as follows:

"That the said Ernest Mathews, disregarding the agreement theretofore entered into with the plaintiff, Herman Koffman, for the organization of a partnership for the purpose of acquiring and developing the said lands, did, with the said Archie J. Damman, secure the option to purchase said lands and premises, cause the defendant corporation to be organized and the title to said premises to be taken and purchased in the name of said defendant corporation, Damath Realty Corporation. That ever since the acquisition of said lands and premises, by the Damath Realty Corporation, the defendants, Ernest Mathews, Archie J. Damman and Damath Realty Corporation, have refused to recognize the agreement heretofore entered into between Ernest Mathews and Herman Koffman."

Plaintiff's prayer for relief is, in part, as follows:

"That the defendants, Ernest Mathews, Archie J. Damman and Damath Realty Corporation, may come to a true and just accounting with this plaintiff in connection with the development, profits and title to the real estate hereinbefore described."

Plaintiff contends that "The trial court in its opinion holding the oral agreement unenforceable by reason of the statute of frauds disregards the fact that the agreement was not only to acquire and develop real estate but also was for a sharing and division of the profits to be realized therefrom. * * * While the arrangement between the parties hereto contemplated the acquiring of real estate, yet the ultimate aim and purpose was making and realizing of profits from the property and development thereof."

To sustain his position, appellant quotes the following from *Price* v. *Nellist,* 316 Mich 418, 422:

"The general rule is that agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing."

The trial court in granting the motion to dismiss relied upon *Raub* v. *Smith,* 61 Mich 543 (1 Am St Rep 619), and stated "that the facts in the *Raub Case* are almost four-square with the facts in the present case." The facts of the *Raub Case,* accurately and concisely set forth in syllabus 1 thereof, are in effect that the plaintiff therein, being the owner of a steam sawmill, agreed to manufacture into lumber, at a fixed price, a quantity of pine timber owned by the defendants; also to show defendants a tract of pine land for sale at $15 per acre, which plaintiff had "looked over," and if found to be as valuable as he represented, plaintiff and defendants were to form a copartnership, the defendants agreeing to advance the money and purchase the land, taking the deed in the names of plaintiff and defendants in such a way as to vest the title to an undivided 1/3 in plaintiff and the remaining 2/3 in defendants. Plaintiff was to pay defendants for his interest by manufacturing the timber on said land into lumber, which was to be sold, and the profits and losses shared and borne by the parties in the proportions above specified.

The defendants in the *Raub Case,* as alleged by plaintiff, refused to form the copartnership, purchased the land in their own names, sold the same for $8,000, and refused to share the profits with plaintiff.

It was held in that case (*Raub*) that the agreement sued upon included a verbal contract for the sale of land, and was void under the statute of frauds.

It was further held in that case:

"A contract void under the statute of frauds cannot be used for *any* purpose   *   *   *   and is regarded as a nullity." (Syllabus 2.)

*Price* v. *Nellist, supra,* relied upon by appellant herein, did not involve a transaction whereby plaintiff endeavored to enforce an oral agreement by which plaintiff was to acquire a partnership interest in the title to real estate. In the *Price Case* the plaintiff deeded his interest in land to defendant, who agreed to hold same, on a basis of 1/2 interest, in trust for plaintiff, and in this regard this Court in that case stated (p 422):

"We are not in accord with defendants' claim that parol evidence is not admissible to show that Nellist was to hold a 1/2 interest in the lands in trust for Price."

It is interesting to note that *Raub* v. *Smith, supra,* and subsequent decisions following *Raub* were not commented upon by this Court in *Price* v. *Nellist, supra.* An examination of Michigan cases that have come before this Court in the past, including the 7 cited by appellant, does not sustain appellant's contention that an oral agreement to acquire and purchase real estate does not come within the statute of frauds if it happens to be coupled with an agreement calling for a sharing and division of the profits to be realized therefrom.

Said previous decisions establish the principle that an oral agreement to form a partnership by which the parties are to acquire an interest in land comes within the statute, but if such agreement only refers to the profits from said land purchase and enterprise it is not within the statute.

The paragraphs of the pleadings, set forth above, establish that plaintiff claimed the right to enforce an oral agreement entered into for the purpose of "acquisition and development" of land and the

prayer for relief in said pleadings asked for a determination of title in said land.

The lower court did not err in granting the motion to dismiss and the order of dismissal should be affirmed, with costs to appellees.

DETHMERS, C. J., and CARR, J., concurred with KELLY, J.

KAVANAGH, J. Normally I would not attempt to restate the facts as set forth in the opinion of Mr. Justice KELLY. However, since my position with reference to the case turns, in part, upon the fact questions, which actually differ from those set forth in my Brother's opinion, I will attempt to briefly restate them.

Plaintiff-appellant filed a bill of complaint in the circuit court for the county of Bay, alleging an oral agreement between himself, defendant Ernest Mathews and a third party to enter into a partnership for the acquisition and development of certain real estate in or near the city of Midland, Michigan, and to split the profits therefrom. Prior to the oral agreement defendant Ernest Mathews asked plaintiff to disclose to him the whereabouts of the property he had in mind that they might develop and make a profit. Plaintiff alleges that this he refused to do. When the oral agreement to buy and sell real estate and to divide the profits therefrom was completed, plaintiff then disclosed a particular parcel of land that he had in mind. Plaintiff further alleges that defendant Mathews, in violation of the agreement and without disclosing his action to the plaintiff, on or about the 7th day of July, 1955, along with defendant Archie J. Damman, caused to be organized a corporation under the name and style of Damath Realty Corporation and took title to the premises in the name of Damath Realty Corporation.

In the amended bill of complaint plaintiff alleged that when title to the real estate was acquired by the corporation by defendant Ernest Mathews and defendant Archie J. Damman in the name of the corporation, both of the stockholders of the corporation had full knowledge of the interest of plaintiff therein and of his right to participate in the profits. He asked that the defendants Ernest Mathews and Archie J. Damman and Damath Realty Corporation come to a true and just accounting with plaintiff with respect to the development, profits and title to the real estate described; that the defendants be required to specifically perform and carry out the terms and conditions of the partnership agreement entered into between the plaintiff and the defendant Ernest Mathews; that the defendants, and each of them, be restrained by the order and injunction of the court, from selling, disposing of, encumbering or leasing or otherwise dealing with said real estate described until the further order of the court.

On November 23, 1956, Archie J. Damman and Damath Realty Corporation, 2 of the defendants, filed a motion to dismiss and gave as their reasons why the motion should be granted: (1) the claim on which the action is founded is unenforceable under the provisions of the statute of frauds of the State of Michigan;* (2) the bill of complaint fails to state a legally sufficient cause of action against defendants Archie J. Damman and Damath Realty Corporation; (3) as to defendants Archie J. Damman and Damath Realty Corporation there is a misjoinder of alleged causes of action as the liability is not one which can be asserted against all of the defendants; (4) as to defendants Archie J. Damman and Damath Realty Corporation there is a misjoinder of parties. Defendant Ernest Mathews is

* See CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).—REPORTER.

not a party to the motion to dismiss. The circuit judge filed a written opinion on the motion to dismiss and granted the relief prayed for. Accordingly an order of dismissal was entered on April 29, 1957, dismissing said cause as to the defendants Archie J. Damman and Damath Realty Corporation. No order of dismissal was entered as to defendant Ernest Mathews.

The trial court in his written opinion indicated that the oral agreement was such that it involved the purchase and sale of lands and was void and unenforceable because of the statute of frauds.

Plaintiff appeals to this Court, asking relief from the granting of the order of dismissal as to the 2 defendants.

In this matter we are dealing with a motion to dismiss based upon the pleadings. No testimony was taken in the court below. We are compelled therefore to recognize all well-pleaded matters in the bill of complaint and in the amended bill of complaint to be true for the purpose of deciding this motion. The bill of complaint alleges an oral agreement to split profits by the 3 parties and alleges this agreement was made prior to the mention of any particular piece of real estate. This fact alone distinguishes this case from the authorities cited by my Brother in support of his affirmance of the order of dismissal and brings it within the category of cases which follow: *Carr* v. *Leavitt,* 54 Mich 540; *Stewart* v. *Young,* 247 Mich 451; *Price* v. *Nellist,* 316 Mich 418. In *Price* v. *Nellist, supra,* at p 422, the Court had this to say with respect to the rule in this State:

"The general rule is that agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing."

In the case of *Carr* v. *Leavitt, supra,* at p 542, the Court said as follows:

"If the contract the plaintiff relied upon was within the statute, it must have been because it contemplated a purchase and then a sale of certain lands. But the plaintiff was to be neither purchaser nor seller, and the contract did not contemplate that in any contingency an interest in the land was to be conveyed to or vested in him. It contemplated only that in a certain event the plaintiff should receive a share of the moneys that a sale of the land should bring. His interest was therefore in these moneys, and not in the land itself. And the moneys were to be payable to him in consideration of services performed. The profits on the 2 trades, to be brought about by the plaintiff, were to be taken as the measure of compensation, instead of any other that might have been agreed upon.

"This surely was not a contract 'for the sale of any lands, or any interest in lands,' within the meaning of the statute of frauds. How Stat § 6181.* That statute contemplates a transaction between parties contracting with each other as principals; and this was not such a transaction. In this case the plaintiff as agent undertook to perform for the defendant certain services, and the defendant undertook to make a compensation therefor, the amount of which should be contingent on the value of the services."

In this case it is to be kept in mind that until the oral agreement had been completed no particular piece of property was involved. Consequently, there certainly could not be any interest in land within the meaning of the statute of frauds. There was an oral agreement to share in the development and profits of any purchase made by the parties. Under the above-mentioned authorities and the cases of *Davis* v. *Gerber,* 69 Mich 246; *Bresee* v. *Robinson,* 236 Mich 633; *Youngs* v. *Read,* 246 Mich 219, oral agreements are valid with reference to the sharing of

---

* See CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).—REPORTER.

profits in the development of real estate. It may be that after testimony of the parties, and even testimony of the plaintiff himself has been taken, that the proofs would disclose an agreement that came within the holdings of this Court in the case of *Raub* v. *Smith,* 61 Mich 543 (1 Am St Rep 619), but I do not read the bill of complaint and the amended bill of complaint as doing so. Plaintiff's claim is not for an interest in real estate, but for an interest from the proceeds of real estate. A bill for an accounting under such circumstances may be maintained. *Stewart* v. *Young,* 247 Mich 451, and the authorities cited therein: *Carr* v. *Leavitt,* 54 Mich 540; *Edinger* v. *Heiser,* 62 Mich 598, 612; *Davis* v. *Gerber,* 69 Mich 246; *Collar* v. *Collar,* 86 Mich 507 (13 LRA 621); *Petrie* v. *Torrent,* 88 Mich 43; *Lasley* v. *Delano,* 139 Mich 602; *Tuttle* v. *Bristol,* 142 Mich 148; *Mullholland* v. *Patch,* 205 Mich 490 (18 ALR 468); *Bresee* v. *Robinson,* 236 Mich 633; Browne, Statute of Frauds (5th ed), § 268; 29 Am & Eng Enc Law (2d ed), p 897; 27 CJ, p 221. For the above reasons the court below erred in granting the motion to dismiss. The subsequent reasons enumerated in the motion to dismiss, I believe, are adequately covered in 2 recent cases. This Court in the case of *L'Hommedieu* v. *Smith,* 351 Mich 223, 227 (decided March 4, 1958), in the words of Justice BLACK, said:

"Whether the accounting as sought by plaintiffs is due from defendant Smith or defendant city of Highland Park, or both, or whether that accounting is due from remaining defendants, or whether plaintiffs are entitled to no relief at all, are questions for determination on testimonial hearing rather than motion to dismiss. The latter is but another instance of attempted short-cut trial of issues of fact—by motion and without taking of testimony—and it proceeds (as did the moving defendant in *Love* v. *Wilson,* 346 Mich 327) on erroneous assumption that a

bill in equity must state, as at law, a cause of action against each defendant in order to hold the latter in court until the invoked purposes of equity are fulfilled."

I shall not endeavor to quote at length the well-reasoned opinion of Mr. Justice BLACK in *Love* v. *Wilson,* 346 Mich 327, in which he goes into the Michigan practice in this respect, in which he states at p 332:

"We agree, then, that the bill does not state a cause of action against the bank in the sense that substantial, distinguished from auxiliary, relief may on that bill be granted against it. We do hold that the bank's presence before the court as a party defendant is necessary to the jurisdictional function the bill invokes."

In this case, if the proofs develop that an oral agreement was entered into and that defendants, who have moved to dismiss, are holding property, money or effects in their possession from which the plaintiff might recover from Mathews plaintiff's share of profits found due him from Mathews' share in the real estate, equity would have jurisdiction to dispose of the entire matter by a final decree.

The lower court erred in granting the motion to dismiss. The order of dismissal is hereby reversed, with costs to appellant.

SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred with KAVANAGH, J.