*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DIANA JANKOWSKI, Personal Representative for
the ESTATE OF RICHARD MARION
JANKOWSKI, DONALD JANKOWSKI, THE
MYRTLE CORPORATION, THE ALEXANDRINE
CORPORATION, THE YORBA CORPORATION,
EMERITUS PROPERTIES INC., PROPERTIES
UNLIMITED INC., and THEMIS LODGING
CORP.,

UNPUBLISHED
January 24, 2025
11:35 AM

     Plaintiffs-Appellees,

v

GERALD JANKOWSKI, QUONSET TRUST, THE
LATINO PRESERVATION TRUST, LINDA E.
JANKOWSKI, also known as LINDA E. LUBE,
TRINITY STAR TRUST, S9GH56K21JUMBO5J2
TRUST, WE CARE ABOUT CHILDREN TRUST,
MEDINA COUNTY CONESTOGA TRUST,
WAGON WEST TRUST, JJJ PERSONAL TRUST,
GRD PERSONAL PROPERTY TRUST,
IROQUOIS NATION NO 470 TRUST, KAPPA
TRUST, CHILDREN CARE FIRST TRUST, and
REDWOOD TRUST,

No. 368080
Wayne Circuit Court
LC No. 19-006136-CB

     Defendants-Appellants.

Before: N. P. HOOD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendants appeal as of right the trial court's order declaring their interest in several
properties, bank accounts, and business incomes. They specifically challenge the trial court's

order granting summary disposition under MCR 2.116(C)(10) (no genuine dispute of fact)[1] to plaintiffs for their declaratory-judgment claims. Defendants also argue plaintiffs' complaint was barred by the statute of limitations. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This is a complicated business dispute involving brothers, Richard Marion Jankowski[2] (Richard), Donald Jankowski (Donald), and Gerald Jankowski (Jerry). Beginning in the early 1980s, the brothers entered into a verbal partnership wherein they agreed to jointly operate hotels[3] and other business ventures.

Over time, the brothers became shareholders of several corporations: The Myrtle Corporation, The Alexandrine Corporation, The Yorba Corporation, Emeritus Properties, Inc., Properties Unlimited, Inc., and Themis Lodging Corp. (collectively, the "plaintiff corporations"). The plaintiff corporations owned bank accounts and had beneficial interests in and amongst the Latino Preservation Trust, Trinity Star Trust, S9GH56K21JUMBO5J2 Trust, We Care About Child Trust, Medina County Conestoga Trust, Wagon West Trust, JJJ Personal Trust, GRD Personal Property Trust, Iroquois Nation No. 470 Trust, Kappa Trust, Children Care First Trust, and Redwood Trust (collectively, the "defendant trusts"). In turn, the defendant trusts owned bank accounts and various parcels of real property, including the hotels run by the brothers.

In April 2019, Donald and Richard filed the original complaint in this case, alleging breach of fiduciary duty, accounting of trust assets, accounting of corporate assets, breach of shareholder agreement, shareholder oppression, breach of contract, and corporate dissolution. They also sought declaratory judgments and injunctive relief. Plaintiffs later moved to file an amended complaint to add claims of fraudulent conveyance and quiet title because during discovery they learned the Huntington Hotel and Yorba Hotel were transferred to Trinity Star Trust and Quonset Trust without adequate consideration. Plaintiffs also sought to add several counts of declaratory judgment. The trial court granted the motion.

Plaintiffs[4] moved for summary disposition, asking the trial court to find that the brothers were fractional shareholders in the plaintiff corporations. Plaintiffs argued that, because there was no question that corporate plaintiffs owned trust defendants, and, by extension, the properties at

---

[1] Plaintiffs also moved for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense) and (I)(1) (pleadings show party is entitled to judgment as a matter of law). We need not consider these subsections because we conclude summary disposition was proper under MCR 2.116(C)(10).

[2] Richard died during the pendency of these proceedings and his interest in this appeal is now represented by his estate.

[3] These included the Medina Hotel in Medina, Ohio, and the Huntington Hotel, Hotel Yorba, and King's Arms Hotel in Detroit, Michigan (collectively, the "subject properties").

[4] The corporate plaintiffs were originally listed as defendants in this action. Plaintiffs moved to amend the complaint to change these parties to plaintiffs, which the trial court granted.

issue, the trust defendants' assets should be sold and the proceeds divided among the brothers pursuant to their shareholder interests in the corporate plaintiffs. Defendants responded, arguing, in relevant part, that the brothers failed to record their interest as required by the statute of frauds, MCL 566.1606, and that plaintiffs' claims were barred by the statute of limitations. The trial court agreed with plaintiffs and granted summary disposition in their favor. It later entered a final judgment in plaintiffs' favor. This appeal followed.

## II. STATUTE OF FRAUDS

Defendants argue the trial court erred in concluding that Richard and Donald had ownership interests in the subject properties. In their view, plaintiffs' claim was void because the statute of frauds requires any conveyance in land to be memorialized in writing. We disagree.

## A. STANDARD OF REVIEW

We review the trial court's grant or denial of summary disposition de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). When deciding a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Under the burden-shifting framework of MCR 2.116(C)(10):

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

Additionally, we review questions of statutory interpretation de novo. *Brickey v McCarver*, 323 Mich App 639, 642; 919 NW2d 412 (2018). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature[,]" and "[t]he most reliable evidence of legislative intent is the plain language of the statute." *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019) (citation omitted). "If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute." *Id*. This Court "must give effect to every word, phrase, and clause[,]" and avoid "an interpretation that would render any part of the statute surplusage or nugatory[.]" *Id*. We give common words and phrases their plain meaning "as determined by the context in which the words are used, and a dictionary may be consulted to ascertain the meaning of an undefined word or phrase." *Id*.

## B. LAW AND ANALYSIS

Plaintiffs moved for summary disposition, asking the trial court, in part, to declare that there was no genuine question of fact of the brothers' percentage ownership interests in the plaintiff

corporations. In plaintiffs' view, Jerry held 45% interest in the plaintiff corporations, Richard held a 35% interest, and Donald held a 20% interest. Plaintiffs also requested that the trial court conclude there was no genuine question of fact that the plaintiff corporations owned the subject properties vis-à-vis their beneficial interests in the defendant trusts. In support of their motion for summary disposition, plaintiffs provided: (1) the plaintiff corporations' tax documents showing the brothers' respective interests in the plaintiff corporations; (2) the deposition testimonies of various witnesses demonstrating that the plaintiff corporations would own the subject properties for the benefit of the brothers; (3) deeds conveying the subject properties; and (4) the trust defendants' declarations of trusts. Because they presented documentary evidence in support of their assertions, plaintiffs satisfied their burden under MCR 2.116(C)(10), *Quinto*, 451 Mich at 362-363, and the burden then shifted to defendants to demonstrate a genuine question of fact as to these issues.

Defendants argued below that Richard and Donald did not have an interest in the subject properties at issue because they failed to record their interest as required by the statute of frauds. Defendants claimed that only Jerry had an interest in the subject properties because only his name was on the deeds. In support of this argument, defendants attached documents showing Jerry's name on the deeds to the subject properties. Michigan's statute of frauds states:

> No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing. [MCL 566.106.]

Defendants' assertion below that Richard and Donald needed to memorialize their interests under the statute of frauds was misplaced. The issue in this case is not the brothers' ownership interests in the subject properties. Rather, the question is whether the *plaintiff corporations* had ownership interests in the subject properties. Importantly, defendants presented no argument or documents that the plaintiff corporations failed to record their interests as required by the statute of frauds. See *Koffman v Mathews*, 352 Mich 390, 398; 89 NW2d 756 (1958) (quotation marks and citation omitted) ("The general rule is that agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing."). Defendants' assertion of error is therefore meritless, because as their arguments and documentary evidence relied exclusively on the irrelevant proposition whether Richard and Donald properly recorded their interests. The trial court properly granted summary disposition because plaintiffs presented evidence in support of their motion which defendants failed to refute.

## III. STATUTE OF LIMITATIONS

Defendants next claim the trial court erred by granting summary disposition to plaintiffs because their claims were time-barred by the statute of limitations under MCL 600.5801(4). We disagree.

## A. STANDARD OF REVIEW

We review "de novo the question whether a claim is barred by the statute of limitations and the issue of the proper interpretation and applicability of the limitations periods." *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014).

## B. LAW AND ANALYSIS

"[A]n action for the recovery or possession of land must be brought within fifteen years after the cause of action first accrues." *Kipka v Fountain*, 198 Mich App 435, 438; 499 NW2d 363 (1993), citing MCL 600.5801. Similarly, "[a]n action to quiet title, i.e., to determine an interest in real property . . . is subject to the 15-year limitations period in MCL 600.5801(4)." *Wells Fargo Bank, NA v SBC IV REO, LLC*, 318 Mich App 72, 106; 896 NW2d 821 (2016).

Beginning in February 2005, claims of liens were filed against the Huntington Hotel. In October 2006, notices of interest were filed against the Huntington Hotel and Yorba Hotel. Plaintiffs' initial complaint, filed in April 2019, did not contain any claims for specific, equitable performance. But, it did note the May 2012 conveyance of the Huntington Hotel to Trinity Star Trust and the December 2017 conveyance of the Yorba Hotel to Quonset Trust. Later, in their February 2022 amended complaint, plaintiffs made explicit claims for quiet title on the basis of the May 2012 conveyance of the Huntington Hotel and the December 2017 conveyance of the Yorba Hotel.

Defendants argue that as early as February 2005, plaintiffs had constructive notice of the notices of interest and liens against the Huntington Hotel and Yorba Hotel because they were a matter of public record. Defendants contend that, because plaintiffs had notice of adverse interests in the subject properties but did not add their claims of quiet title until February 2022, their claims fell outside of the 15-year statute of limitations period and were time-barred. However, plaintiffs' cause of action did not arise from the 2005 notices of interest or liens; it arose from the May 2012 and December 2017 conveyances. Thus, plaintiffs' amended complaint was filed well within the 15-year statute of limitations. See MCL 600.5801(4).[5]

Affirmed.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Anica Letica

---

[5] Defendants also fail to acknowledge that:

> The amendment relates back to the date of the original pleading and, therefore, is not barred by limitations, whenever the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. It is thus beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally. The new test satisfies the basic policy of the statute of limitations, because the transactional base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction. [*Doyle v Hutzel Hosp*, 241 Mich App 206, 215; 615 NW2d 759 (2000) (quotation marks, citation, and emphasis omitted); see also MCR 2.118(D).]

Because plaintiffs' quiet title claims arose out of the same conduct, transaction, or occurrence set forth in their original complaint, their claims related back to the date of their original complaint, April 2019. See *Doyle*, 241 Mich App at 215. Thus, even if the statute of limitations began tolling as early as February 2005, because plaintiffs filed their original complaint within the 15-year statute of limitations, their claims are not time-barred.