STEWART v. YOUNG.

JOINT ADVENTURES—ACCOUNTING.
> In suit for accounting for profits received from improving and selling real estate, of which plaintiff claimed one-half, decree for plaintiff for $59,809.30 is modified, on appeal, and reduced to $30,982.18.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted April 21, 1931. (Docket No. 69, Calendar No. 35,590.) Decided October 5, 1931.

Accounting was had pursuant to decree in *Stewart v. Young*, 247 Mich. 451. Defendant appeals. Modified and affirmed.

*Savery, McKenzie & Hamilton,* for plaintiff.

*Abbott & Coulter,* for defendant.

BUTZEL, C. J. In *Stewart v. Young,* 247 Mich. 451, we held plaintiff, Fern C. Stewart, entitled to one-half of the profits made by defendant, DuBois Young, through his financing the construction of two apartment houses, located in Detroit, Michigan, and subsequently sold by him. The one on Prentis avenue, near Cass avenue, contains 40 apartments, with 144 rooms. The other, on Webb avenue, not far from Second avenue, has six apartments, with some rooms in the basement. A more complete discussion of facts is set forth in the opinion in *Stewart v. Young, supra.* Pursuant to the decree therein

entered, an accounting was had and plaintiff was awarded the sum of $59,809.30 for her one-half share of the profits, plus interest. Defendant appeals from this decree.

The case is almost entirely one of fact and comes to us with a most unsatisfactory record from which to make a determination. Nine briefs and four affidavits filed in this court are helpful but do not reconcile the disputed figures. The buildings were constructed in 1916. The accounting in the instant case took place in 1930, 14 years later. Defendant claims that his records have been lost, and his former attorney, who had charge of them, is dead; that he has not the means of producing such proofs as would absolutely establish the cost of the buildings and show that he suffered a loss instead of making a profit. He thus seeks to excuse his failure to satisfy the order of discovery made by the trial court.

On the former hearing to determine defendant's liability, Henry H. Stewart, plaintiff's husband, who was in charge of the construction of the buildings, testified that he estimated the cost of the Prentis avenue building at between $115,000 and $120,000. Then again he placed the figure at $110,000, exclusive of the lot. The Security Trust Company audited the cost of the buildings up to September 11, 1916, when near completion. An additional audit was made on June 21, 1930, by the Audit Company of Michigan. The summary of the two audits places the cost of the Prentis avenue building at $84,987.72, and the Webb avenue at $14,077.32. The trial court adopted these figures. While plaintiff claims that the trust company audit is the most accurate record of the cost still available, defendant

contends it contains many inaccuracies. Its value is lessened by the fact that it is not a final audit, and was made before the completion of the buildings. The 1930 audit is likewise unsatisfactory, as it is based largely on data which plaintiff's husband turned over to the accountant. The certification disclaims responsibility for the figures. Some of them were taken from an order book kept by Stewart. One order, and possibly three additional ones, are missing. Defendant further shows that the following three items are practically not mentioned: radiators, refrigeration, and gas stoves. The audits would indicate that only a nominal sum was expended for these items. It is quite evident that they must have cost a considerable amount on account of the large number of apartments in the buildings. The insufficiency of additional data is also claimed. The most accurate method of determining the cost would have been to ascertain the cost as of the date of the construction of each item of material and labor that entered into the construction of the buildings. This would be extremely difficult at this late date. The buildings were constructed just prior to the outbreak of the World War when it is claimed labor and materials were very high. Three experts testified on behalf of the defendant as to what the cost of the buildings were in 1916. They found it slightly more than what Stewart had testified to at the former hearing. They first determined the cubic contents of the buildings and then multiplied the cubic feet by an estimated cost per cubic foot. They based their calculation on an inspection of the buildings, and compared them with the cost of others. Plaintiff claims that the experts, men of sterling integrity, had little experience in erecting

apartment buildings. One of them had never constructed such a building. It is claimed that their method of determination, as well as their lack of qualifications, makes their testimony of little value. Defendant claims that the estimated accounts payable were $11,111 more than the first audit showed, and the estimated cost of completion $9,600 more than disclosed by the audit. He claims that, adding the proper amounts to that determined by the first audit, the total cost would amount to $105,567.72. Defendant also relies on the allegation of cost in plaintiff's bill of complaint, in which she says that the Prentis avenue building cost approximately $120,000. We find that each party relies on figures that are not accurate, and that if we should send the case back for a rehearing the results would be equally unsatisfactory, because necessary documents are missing. Some of the claims of defendant are untenable. Defendant claims a bonus for loaning the moneys with which to construct the buildings. He is not entitled to it. He further claims that, although he sold the Prentis avenue building for $150,000, this amount should be discounted because only an executory contract of purchase was entered into. The testimony showed that the market value of land contracts in the event of their sale or discount was much less than the balance due on the contract. This claim is also untenable, as no loss was shown by defendant in collecting the full amount of the contract. It was further shown that defendant was obliged to take in part payment 100 shares of stock at more than its market value at the time the contract was entered into. In making our determination, we have allowed defendant a small sum on account of the loss in this stock. We are im-

pressed with Stewart's testimony as to cost at the first trial. His testimony corroborates that of the experts. We do not believe, however, that it is decisive. From the sale prices of each building certain deductions have been made on account of real estate commissions, loss on the stock, and defective materials. In arriving at our conclusions, we have carefully gone over each disputed claim and have taken into consideration the entire testimony. A full discussion of the various items would be of no benefit to the profession and would prolong this opinion beyond a reasonable length. Our figures though seemingly arbitrary have been arrived at after a careful analysis of all of the facts. To determine the amount with absolute exactitude is impossible with records missing and conflicting testimony. We do find that defendant made a substantial profit, to which plaintiff is entitled to one-half. We believe, however, that the lower court's figures were too high and that the decree should be modified. We find that one-half of the profit, plus interest to date, on the Prentis avenue building, amounts to $27,707.18, and that on the Webb avenue building, plus interest to date, $3,275, thus making a total of $30,982.18, for which a decree will be entered in favor of plaintiff against defendant.

The decree of the lower court, thus modified, is affirmed, with costs to appellant.

Wiest, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.