YOUNGS v. READ.

1. FRAUDS, STATUTE OF—ORAL CONTRACTS.

A valid oral contract may be made relative to the division of profits to be derived from the sale of real estate.

2. SAME—VARYING TERMS OF WRITTEN CONTRACT—EVIDENCE.

An oral agreement between the vendor and vendee of a farm, made simultaneously with the execution of the contract of sale, under which the vendor was to assist in making certain

improvements on the farm and in consideration thereof was to receive one-half of any profits made by the vendee in a subsequent sale, is not open to the objection that it is within the statute of frauds (3 Comp. Laws 1915, § 11975) in that it was an attempt to modify or alter the terms of the contract of sale, and therefore parol testimony is admissible to establish it.

3. TRUSTS—ORAL CONTRACTS.

An oral agreement whereby the vendor of a farm was to assist in making certain improvements therein and in consideration thereof was to receive one-half of any profits made by the vendee in a subsequent sale, is not in violation of the statute of uses and trusts (3 Comp. Laws 1915, § 11565 *et seq.*).

Error to Washtenaw; Sample (George W.), J. Submitted January 11, 1929. (Docket No. 84, Calendar No. 34,120.) Decided March 29, 1929.

Assumpsit by Bert Youngs against Maro M. Read on an oral contract for one-half of the profits on the sale of a farm. Judgment for plaintiff. Defendant brings error. Affirmed.

*John P. Kirk* and *Cavanaugh & Burke,* for appellant.

*Frank B. DeVine* and *Carl A. Lehman,* for appellee.

NORTH, C. J. On January 12, 1922, the parties to this suit entered into a preliminary agreement in writing which resulted in the sale of 279 acres of land located in Washtenaw county, Michigan, by the plaintiff to the defendant. The transaction was consummated by a deed dated February 17, 1922. The plaintiff claims that incident to the negotiations and sale and simultaneously therewith it was orally agreed the plaintiff should assist in making certain

improvements on the farm and in consideration thereof he was to have one-half of any profits made by the defendant by a subsequent sale of the property. In July, 1923, the property was sold at a profit in excess of $11,000. The defendant thereafter refused to share the profit thus realized and the plaintiff thereupon brought this suit to recover his one-half.

The defendant denied having made the alleged agreement with the plaintiff. His explanation of the plaintiff having rendered certain services in improving the farm subsequent to the sale to the defendant is that the plaintiff agreed to do this gratuitously as an inducement in consequence of which the defendant bought the property. In defendant's behalf it was urged in the trial court that the oral agreement upon which plaintiff sought to recover had to do with an interest in real estate and hence was void under the statute of frauds; and, further, since the contract for the sale of the property by the plaintiff to the defendant was in writing, parol evidence was not admissible to deny or vary its terms, and the admission of such evidence was error.

The plaintiff took the position in the circuit court and also contends in this court that his right to recover is not based upon either a denial or a modification of the written instruments which evidenced the sale of his property to the defendant; but, instead, that he seeks to recover upon an entirely separate and independent oral agreement alleged to have been made by the parties simultaneously with the sale of the farm to the defendant. The details of this oral agreement, as to which parol testimony was subsequently taken, were thus stated to the court by plaintiff's counsel early in the trial of the case:

"A further agreement was made whereby Read was to advance the money for the development of this farm and Youngs was to supervise the development of the farm and that after Exhibit A (the original contract of sale) was made and that after the deed had been delivered to Read, Youngs went on and supervised the development of this farm and had charge of it and made absolutely no charge to Read for it and that the bills for the repairs that were made upon the farms, in the way of building fences were given to Youngs and by Youngs presented to Read, and we will show that Youngs was the one who went out hiring the men to work the farm. Not that Youngs was to receive any profit from the crops raised on the farm, but by having crops on the farm it would thereby improve the looks of the farm and thereby enable him to make a sale to advantage so far as the parties were concerned. All of this was entirely outside of the written agreement which existed between Youngs and Read. Not a single bit of it in writing. And I also call the court's attention to this fact that although the deferred payments which Read made upon this farm were not completed until as Mr. Youngs said nearly one year after the conveyance or the deal had been made between Read and Youngs, yet not one penny of interest was paid to Youngs because of the fact that Youngs was to have half of the profit arising out of the sale of the farm and therefore he collected no interest from Read on the payments."

The issue thus outlined was submitted to the jury and the plaintiff had a verdict and judgment for $2,300. The defendant reviews by writ of error; and in his brief thus outlines the questions presented and his contention relative thereto:

"That since a written contract, plain and unambiguous and complete in its terms was made and entered into by and between these parties, it cannot

be varied or contradicted by parol evidence; that the court erred in admitting oral testimony concerning the negotiations for a division of profits made prior to or contemporaneous with the written contract; and further, that the court erred in refusing to direct a verdict for the defendant, in refusing to charge the jury as requested by the defendant that 'all oral talk and conversation was merged in the writing, and cannot be altered or changed by parol testimony.' No claim of fraud or misrepresentation is involved in the controversy.''

A thorough consideration of the record satisfies us that plaintiff's case as presented at the trial was in no way an attempt to modify or alter the terms of the written memorandum made by these parties incident to this sale or of the deed subsequently given. The memorandum is short and we quote it in full:

"YPSILANTI SAVINGS BANK
"Ypsilanti, Mich. Jan. 12, 1922.

"It is hereby agreed that M. M. Read is to buy from Bert Youngs, the farm known as the Jno. P. King farm containing 184 acres, more or less, together with farm adjoining known as the Wm. Gotts farm, i. e., 100 acres of said farm from west side, in all 284 (subsequently reduced to 279) acres at $100 per acre. $2000 paid with this contract. $3000 paid when title is satisfactory, balance on such terms as satisfactory to said M. M. Read.

"Less $500 or net $27,900.

"M. M. READ,
"BERT YOUNGS.''

The issue submitted to the jury under the plaintiff's theory related to a matter entirely independent of the transaction relative to which the parties executed the above-quoted memorandum. It is settled law in this State that a valid oral contract may be

made relative to the division of profits to be derived from the sale of real estate. *Carr* v. *Leavitt,* 54 Mich. 540; *Epstean* v. *Mintz,* 226 Mich. 660. Obviously there can be no valid objection to the use of competent parol testimony to establish an oral contract. The defendant's denial of the existence of such a contract between himself and the plaintiff was decided adversely to his contention by the verdict of the jury. The plaintiff claimed he had performed his part of the contract. The agreement was not within the statute of frauds (3 Comp. Laws 1915, § 11975). *Carr* v. *Leavitt, supra; Davis* v. *Gerber,* 69 Mich. 246; *Bresee* v. *Robinson,* 236 Mich. 633.

As hereinbefore noted, the appellant has contended in his brief that there was error in the refusal of the court to direct a verdict in his favor and in the refusal of the court to give certain of defendant's requests to charge. He has also asserted that the transaction out of which this litigation arises was in violation of the statute of uses and trusts (3 Comp. Laws 1915, § 11565–11591). We are of the opinion that none of these contentions is well founded for reasons already set forth. The judgment of the lower court is affirmed.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.