## PRICE v. NELLIST.

1. JOINT ADVENTURES—DEFINITION.
    A joint venture is an association of two or more persons to carry out a single business enterprise for profit.

2. FRAUDS, STATUTE OF—CONTRACT FOR DIVISION OF PROFITS FROM PURCHASE AND SALE OF REALTY.
    Generally agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing, hence, parol evidence is admissible to prove such contract (3 Comp. Laws 1929, § 13411).

3. JOINT ADVENTURES—EVIDENCE—PURCHASE AND SALE OF REALTY.
    Evidence *held,* sufficient to show plaintiff and deceased were engaged in a joint venture in the purchase, management and sale of real estate involved.

4. EQUITY—CLEAN HANDS—PREJUDICE.
    Plaintiff who had been engaged in joint adventure with defendants' predecessor in title in the purchase and sale of real estate and had executed a quitclaim deed to such predecessor, was not precluded from enforcing an alleged trust with respect to such real estate because plaintiff had not come into court of equity with clean hands in that his interest in the real estate involved had not been included in trust mortgage given to secure creditors, since defendant was not prejudiced by such nonaction.

5. SAME—CLEAN HANDS—MAXIM.
    If the alleged wrongful conduct of a plaintiff appears not to have injured, damaged or prejudiced the defendant, the "clean hands" maxim may not be successfully invoked.

6. SAME—LACHES—PREJUDICE.
    Plaintiff who had some part in the management of real estate involved during some dozen years before death of defendants' predecessor in title pursuant to joint adventure relation and

brought suit to impress a trust upon the property less than six months following sudden death of such predecessor, was not barred by laches from bringing suit in the absence of a showing of prejudice to defendants.

Appeal from Roscommon; Des Jardins (George W.), J., presiding. Submitted November 19, 1946. (Docket No. 91, Calendar No. 43,363.) Decided January 6, 1947.

Bill by Andrew J. Price against Allie I. Nellist and others to enforce a trust, for an accounting and other relief. Decree for plaintiff. Defendants appeal. Affirmed.

*Yeo & Bilitzke,* for plaintiff.

*Joseph B. Legatz,* for defendants.

Sharpe, J. This is a suit by plaintiff, Andrew J. Price, against Allie I. Nellist, Merle W. Nellist, Betty Nellist Dagen, Vivian Nellist Kimball, and John Bruun, administrator of the estate of Merle F. Nellist, deceased, defendants to enforce an alleged trust in real estate and to obtain incidental relief.

On January 25, 1927, plaintiff, Andrew J. Price, of Roscommon, Michigan, and Merle F. Nellist, an attorney of Grayling, Michigan, entered into a land contract with Charles W. Trask, widower, and Hattie E. Trask of Kansas City, Missouri, for the purchase of certain real estate for the sum of $1,000, payable $200 upon the execution of the contract and the balance of $800 to be paid in three equal annual payments with six per cent. interest. On the initial down payment on the contract, each of the vendees paid an equal amount. Payments were made on the contract reducing it to $525. In February, 1930, the vendors were demanding payment of the balance

due on the contract. At this time neither of the vendees was able to pay the balance. The matter was discussed by Price and Nellist with William Houghton of Roscommon. Price had been engaged in the mercantile business in Roscommon and on February 8, 1929, a fire resulted in the loss of his buildings, stock and fixtures. He executed a trust mortgage for the benefit of his creditors, which later resulted in a payment to creditors of approximately 43 per cent. of their accounts.

Houghton knew that Price had given a trust mortgage to secure his creditors and, not wanting any trouble with Price's creditors, it was proposed and decided that Price would give a quit claim deed to Nellist and then Nellist and wife would give a mortgage to Houghton to secure a loan of $600. On February 24, 1930, Price executed a quit claim deed to Nellist. On the same date Nellist and wife executed a mortgage in the sum of $600 to Houghton. On September 15, 1930, Houghton sold the mortgage to a partnership consisting of Henry J. DeWaele, Clarence J. Sheppard and Charles H. DeWaele. Payments were made on this mortgage from the sale of gravel and trees from the above property. On February 24, 1942, there was a balance due on the mortgage of $445.37.

On June 15, 1942, Merle F. Nellist died and John Bruun was appointed administrator of his estate. On November 21, 1942, plaintiff filed a bill of complaint in the circuit court of Crawford county in which it is alleged that Price and Nellist agreed that each would own a one-half interest in the premises; that Nellist would act in the capacity of manager of the property; that each would share equally in the income from said property; that at the time plaintiff deeded his interest in the said property to Nellist, it was agreed that Nellist would hold in trust the one-half interest of plaintiff; that said Nellist

sold parcels of the land for which no accounting has been had; and that the administrator of the estate of Nellist has refused to make any settlement with plaintiff.

The defendants filed an answer to the bill of complaint in which it is alleged that if plaintiff ever had any claim against Nellist it is now barred by the statute of limitations; *that plaintiff has been guilty of fraudulently concealing assets from his creditors in that he wilfully failed to include his alleged interest in the land involved in a trust mortgage executed by him on February 19, 1929, for the benefit of his creditors; and that plaintiff's claim for the creation of a trust rests upon parol evidence and is void.

. The cause came on for trial and a decree was entered sustaining the claim that plaintiff and Nellist had entered into a joint venture, ordering an accounting and decreeing plaintiff a one-half interest in the property.

Defendants appeal and urge that in the absence of fraud, mistake or accident, a grantor in an absolute conveyance, reciting a valuable consideration, cannot show by parol evidence that the grantee was to hold the lands in trust or that the grantor retained some interest in the land.

The trial court in an opinion stated:

"Plaintiff and Nellist deceased acquired this property as joint adventurers for resale for profit in smaller tracts. That they consistently followed their adventure as circumstances permitted for upwards of 15 years, and that it was terminated before completion by the sudden death of Nellist."

A joint venture is an association of two or more persons to carry out a single business enterprise for

---

* See 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 13976, Stat. Ann. 1946 Cum. Supp. § 27.605).—REPORTER.

profit. See *Fletcher* v. *Fletcher*, 206 Mich. 153; *Hathaway* v. *Porter Royalty Pool, Inc.*, 296 Mich. 90 (138 A. L. R. 955).

We are not in accord with defendants' claim that parol evidence is not admissible to show that Nellist was to hold a one-half interest in the lands in trust for Price. The general rule is that agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing.

In *Stewart* v. *Young*, 247 Mich. 451, we said:

"When real estate in which several persons are interested is conveyed to one or more of them upon a parol agreement that it is to be sold by the grantees and the proceeds divided between the parties in accordance with their respective interests therein, such contract after the sale of the property is valid and enforceable, is not within the statute of frauds, and, if the grantees after sale and receipt of the purchase price refuse to account to any and all persons in interest, they may maintain a bill for an accounting."

See, also, *Youngs* v. *Read*, 246 Mich. 219, and *Miles* v. *Fredenhagen*, 309 Mich. 674.

Such contracts not being within the statute of frauds,* parol evidence thereof is admissible.

In our opinion there is substantial evidence in the record to sustain the finding of the trial judge that plaintiff and Nellist were engaged in a joint venture in the purchase, management and sale of the real estate involved in this case. There is evidence in the record that plaintiff and Nellist each paid one half of the down payment on the contract; that in 1927 an oil lease was executed by plaintiff and

* See 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).—RE-PORTER.

Nellist; that plaintiff arranged for the loan from William Houghton which saved the land contract from forfeiture; that payments on the mortgage were made from the sale of gravel and trees from the property; that in 1942 plaintiff and Nellist paid George D. Henning for surveying the property in question; and that in 1940 Nellist told a Mrs. Scott that plaintiff had an interest in the property.

It is also urged by defendants that plaintiff does not come into equity with clean hands. The facts in connection with this claim are as follows: In 1929, plaintiff was engaged in the general mercantile business in the village of Roscommon. He suffered a fire loss resulting in a total loss of buildings, stock and fixtures. He executed a trust mortgage to Charles H. DeWaele as trustee to secure all of his creditors. The amount secured by the mortgage was $13,000. Nellist was one of the creditors and had a claim of $522.38. In 1935, after the payment of dividends, the mortgage was discharged.

The property involved in this case was not included in the trust mortgage. At the conclusion of plaintiff's case, the trial court made the following pronouncement:

"Counsel has pointed out in his answer, and by oral motion emphasized that the plaintiff did not come into a court of equity with clean hands, for the reason that he conveyed his interest in his real estate for the purpose of defrauding his creditors. The court cannot accept that theory. The record here discloses that he was in financial difficulties following a fire; that he gave a mortgage, [a?] trust mortgage on designated property to secure his creditors, and the record indicates substantial payment; and further shows a discharge, which the court concludes followed. I can find no fraudulent act there, and the court is of the opinion that the transfer was made at that time at the request of the mortgagee,

who for his own reasons desired this security to be in no sense clouded by the financial condition of the defendant, not without finding that they did so give without consideration, and I am not now deciding that, but so far as that one angle of the case goes I would hold that there is no taint because of the circumstances of the trust mortgage, there is no concealment of the assets and I will eliminate that from the case.''

We are in accord with the conclusion of the trial judge on this question. Assuming that plaintiff should have included his interest in the property in question in the trust mortgage, defendants were not prejudiced by such nonaction.

In 19 Am. Jur. p. 328, it is stated:

''If the alleged wrongful conduct of the complainant appears not to have injured, damaged, or prejudiced the defendant, the maxim may not be successfully invoked.''

It is also alleged that plaintiff was guilty of laches. In dismissing this claim the trial court stated:

''Laches cannot be urged. If the record can be accepted and believed, the parties were advancing their enterprise at the time of Nellist's death.''

The record shows that Merle F. Nellist died suddenly on June 15, 1942, and that from 1930 to 1942 plaintiff had some part in the management of the property and that at the time of the death of Nellist the parties were making plans to subdivide the property.

In *Collins* v. *Lamotte,* 244 Mich. 504, we said:

''Time alone does not constitute laches, but there must have been a change of conditions which would render it inequitable to enforce the claim (21 C. J. p. 212 *et seq.*), or a showing that the defendant was prejudiced by the delay.''

The doctrine of laches has no application to the facts involved in this case.

The decree of the trial court is affirmed, with costs to plaintiff.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.