*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN J. RIEMAN,

      Plaintiff-Appellant,

v

KENDALL W. RIEMAN,

      Defendant-Appellee

UNPUBLISHED
May 11, 2023

No. 352197
Tuscola Circuit Court
LC No. 19-030597-CK

## ON REMAND

Before: BORRELLO, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Plaintiff brought this claim for breach of contract and related wrongs arising from defendant's breach of an alleged joint venture agreement to share income and proceeds from real property in Tuscola County. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) on the ground that plaintiff could not enforce an oral agreement to distribute income from real property. This Court affirmed the order. *Rieman v Rieman*, unpublished per curiam opinion of the Court of Appeals, issued November 18, 2021 (Docket No. 352197), p 1, 4, rev'd in part 985 NW2d 828 (2023). Plaintiff applied for leave to appeal to our Supreme Court. In lieu of granting leave, the Court reversed "that part of the judgment of the Court of Appeals finding that the plaintiff's claims were barred by the statute of frauds." *Rieman v Rieman*, ___ Mich ___; 985 NW2d 828 (2023). Citing *Price v Nellist*, 316 Mich 418, 422; 25 NW2d 512 (1947), the Court concluded that "[t]he alleged oral agreement purports only to address profits from sale proceeds generated from real estate transactions, as opposed to creating or transferring an interest in the real estate itself." *Rieman*, ___ Mich at ___. The Court remanded the case to this Court "for consideration of whether a question of fact exists as to whether the parties had a post-2015 sale oral agreement." *Id*.

The parties are brothers with a past history of developing real property through informal oral agreements to equally share expenses and income from their real estate ventures. They agreed to invest in, develop, use for recreational purposes, and transfer real estate interests to third parties for profit. They purchased property in Tuscola County, Huron County, and Kalkaska County from

-1-

1996 to 2018. Plaintiff described "borrowing" transactions between himself and defendant between 2015 and 2017. The details of these transactions are complex, but they generally involved one brother "borrowing" the other brother's half-share of a property and paying him back out of his share of the first proceeds from any sale to a third party. In 2015, plaintiff and his wife executed a warranty deed transferring their interest in the Tuscola County property to defendant and his wife in consideration for defendant's forgiveness of plaintiff's loan balance and additional payment. The warranty deed described the transferred interest of the real property as free and clear of all liens and encumbrances. Defendant sold the Tuscola County property to J & L Gremel Farms, LLC in 2018. Plaintiff claimed that the parties had an oral agreement to exchange part of plaintiff's alleged interest in the Huron County property for part of defendant's interest in the Tuscola County property, also known as Colwood Farm. Defendant denied having any oral agreement with plaintiff allowing plaintiff to have an interest in the Tuscola County property following the execution of the warranty deed and a purchase agreement.

At issue is whether plaintiff established a genuine issue of material fact with respect to a preconveyance contract that entitled him to profits and income from the Tuscola County property after the conveyance to defendant. This Court reviews de novo a trial court's ruling on a motion for summary disposition brought under MCR 2.116(C)(10). *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Under MCR 2.116(C)(10), a party is entitled to summary disposition when the evidence does not present a genuine issue of material fact. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). "A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2021) (quotation marks and citation omitted). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Jewett*, 332 Mich App at 470 (quotation marks and citation omitted). This includes "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). This Court does not make factual findings or weigh credibility. *Burkhardt v Bailey*, 260 Mich App 636, 647; 680 NW2d 453 (2004) (citation omitted).

"A joint venture is an association of two or more persons to carry out a single business enterprise for profit." *Price*, 316 Mich at 421-422. "The general rule is that agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing." *Id*. at 422. This is the majority rule followed by most states, including Michigan, and its application is limited to those cases where a partnership or joint venture was "formed to deal in real estate as a commercial proposition; that is, to speculate by buying and selling real estate, or interests therein, for profit." 18 ALR 484, § 1; see also 95 ALR 1242. In *Youngs v Read*, 246 Mich 219, 220-221; 224 NW 428 (1929), this rule was applied to an independent oral agreement made simultaneously with the execution of a deed for property from the plaintiff to the defendant, whereby the plaintiff agreed to assist in improving the land in consideration for half of the proceeds of any future sale. The defendant denied making the oral agreement, and did not pay the plaintiffs any of the proceeds when the property was sold. *Id*. at 221. The Court held that the majority rule applied as the issue was "entirely independent of the transaction relative to which the parties executed" the deed of sale, and affirmed the jury verdict in the plaintiff's favor. *Id*. at 223-224.

In *Stewart v Young*, 247 Mich 451, 452-455; 226 NW 222 (1929), there was an agreement between the partners of a construction company to purchase and develop real estate in Detroit. The real estate in question was deeded to the defendant and his wife, so "they had a right to sell it and convey title, and defendant had a right to receive the pay therefor." *Id*. at 455. The plaintiff claimed that when the real estate was sold, and the defendant had been paid, the plaintiff was entitled to half of the profits. *Id*. The Court held:

> No matter who held title to the real estate, it is not here involved; such title has been sold; defendant's rights recognized, and the proceeds of the sale paid to him. Such proceeds are not real estate, but personal property. The contract has been partially performed. It is not within the statute of frauds. When real estate in which several persons are interested is conveyed to one or more of them upon a parol agreement that it is to be sold by the grantees, and the proceeds divided between the parties in accordance with their respective interests therein, such contract after the sale of the property is valid and enforceable, is not within the statute of frauds, and, if the grantees after sale and receipt of the purchase price refuse to account to any and all persons in interest, they may maintain a bill for an accounting. [*Id*. at 455-456.]

"The existence and interpretation of a contract are questions of law reviewed de novo." *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). "A valid contract requires mutual assent on all essential terms. Mere discussions and negotiation cannot be a substitute for the formal requirements of a contract." *Eerdmans v Maki*, 226 Mich App 360, 364; 573 NW2d 329 (1997) (citation omitted). "An offer is a unilateral declaration of intention, and is not a contract." *Kamalnath v Mercy Mem Hosp Corp*, 194 Mich App 543, 549; 487 NW2d 499 (1992). "The burden is on plaintiffs to show the existence of the contract sought to be enforced, and no presumption will be indulged in favor of the execution of a contract since, regardless of the equities in a case, the court cannot make a contract for the parties when none exists." *Id*. (quotation marks and citation omitted).

Plaintiff's proofs in support of a joint venture agreement that remained in effect after the 2015 conveyance consisted of his sworn statements in an affidavit and e-mail printouts referencing the alleged agreement. Plaintiff's own statements in the e-mail referred to the property as "*our* Colwood farm." He stated his intent "to maximize my return from this investment at this time." Defendant's response stated, "it would be fair to say that the amounts you have received for your interest in the farm are detailed on the settlement statement," which defendant calculated at a value of $98,700. This statement indirectly suggested that defendant believed that plaintiff's 2015 conveyance extinguished plaintiff's interest. However, defendant stated in his November 23, 2018 e-mail that he was "willing to pay [plaintiff] to do the work to get the property sold." This statement indirectly suggested that defendant believed that plaintiff still had an interest in the property. Plaintiff stated in his affidavit that he and defendant agreed that plaintiff "would continue to share equally in future recovery from the Colwood Farm investment property." This statement supported plaintiff's allegation of a continuing interest.

Therefore, on the present record, plaintiff established a genuine issue of material fact that he and defendant had an oral agreement to share proceeds and income from the Tuscola County property that remained in effect after plaintiff's 2015 conveyance. However, defendant's original summary disposition motion did not address the existence of an oral contract. Rather, the premise

of defendant's motion was that plaintiff's interest in the property was fully extinguished by the 2015 conveyance, and that any evidence to a continuing agreement was inadmissible parol evidence and contrary to the statute of frauds. Defendant did not anticipate that the Supreme Court would hold that oral joint venture agreements regarding income from real property were not barred by the statute of frauds. Likewise, plaintiff's response did not directly address arguments other than the statute of frauds issue. Therefore, defendant should have the opportunity to again move for summary disposition if defendant believes that plaintiff cannot establish a genuine issue of material fact that the parties had an oral joint venture agreement that survived the 2015 conveyance.

The trial court order of summary disposition is reversed, and this matter is remanded for further proceedings in which defendant is not precluded from moving for summary disposition on the ground that there is no genuine issue of material fact regarding plaintiff's claim of an enforceable oral contract. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Mark T. Boonstra